## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal No. CR-07-091 (HHK)** |
| | : | |
| **ADAM DEGROAT,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, submits this memorandum in aid of sentencing. For the reasons set forth herein, the government respectfully recommends that the Court sentence the defendant to a term of probation of five years and order him to pay restitution in the amount of $7,000.

## I.     BACKGROUND

On May 11, 2007, defendant Adam DeGroat Jackson pled guilty to a one-count information that charged him with Conspiracy to Commit Mail Fraud, in violation of 18 U.S.C. §§371 and 1341. During his plea colloquy, the defendant admitted that at times material to his offenses that he was employed by Gateway Computers as a Shipping Analyst from 2001 until 2007 who directed the shipment of computers to clients who had paid for their construction. At a point after 2001, defendant knowingly rerouted computers made by Gateway for legitimate customers to other members of the conspiracy whose purpose was to steal the computers for their own use and profit. During the course of the conspiracy, the defendant was paid at least $6,000 by one of the coconspirators. During the course of the conspiracy, the defendant helped his coconspirators steal at least 30 new Gateway computers, which each had a retail value of between $1,200 and $3,000 (total loss of $36,0000 -$90,000).

II.    **SENTENCING CALCULATION**

A    Statutory Maximum

The defendant pled guilty to one count of Conspiracy to Commit Mail Fraud, in violation of 18 U.S.C. §§371 and 1341.  The maximum sentence for this offense is five years imprisonment, a fine of $250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, and a one-year term of supervised release.

B.    Sentencing Guideline Calculation

Both parties agreed to the Guidelines calculations utilized in the Presentence Report ("PSR"), which correctly calculates the defendant's total offense level at 10.  See PSR ¶ 31. This includes the base offense level of six pursuant to U.S.S.G. § 2B1.1(a)(2) and a six-level enhancement for "loss" of more than $30,000 pursuant to U.S.S.G. § 2B1.1(b)(1)(D).  Pursuant to the plea agreement, however, the government agreed not to oppose a two point reduction for acceptance of responsibility which yields a total offense level of 10.  The PSR also has calculated correctly the defendant's criminal history as Category I.  See PSR ¶¶ 34.  Therefore, the guideline range for defendant is correctly calculated in the PSR as 6-12 months.  See PSR ¶ 57.

Although a minor player in the conspiracy, the defendant in this case was an essential member of the conspiracy.  Without his assistance the conspiracy would not have been able to easily re-route the stolen computers, and it is possible that some or all of the conspiracy would have otherwise failed.   The defendant also initially lied to law enforcement when he was interviewed a the beginning of the case, and claimed to have done nothing improper or illegal. He was caught only after another coconspirator taped him discussing his role in the conspiracy.

To the defendant's credit, after he was caught on tape he admitted his role in the conspiracy and assisted law enforcement in its investigation and trial preparation in <u>United States v. Emor</u>.  The defendant also participated in a conference call with Gateway and law enforcement personnel in which he assisted the Government in understanding the operational systems and procedures at Gateway.  While the defendant's assistance was not substantial enough to qualify for a downward departure under U.S.S.G. § 5K1.1, it was helpful.  The defendant also agreed to a timely pre-indictment guilty plea.  In light of these factors, the government respectfully recommends that the Court sentence the defendant to a term of probation of five years, and order him to pay restitution in the amount of $7,000 to Gateway Computers.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

_____/s/_____
TEJPAL S. CHAWLA
D.C. Bar #464012
Assistant United States Attorney
Fraud & Public Corruption Section
555 4th Street, N.W.
Washington, D.C. 20530
(202) 353-2442

3

<u>CERTIFICATE OF SERVICE</u>

I hereby CERTIFY that a copy of the foregoing Government's Memorandum in Support of Sentencing has been sent by ECF filing to counsel for the defendant:

Mitchell Mark Seltzer, Esq.

this 19th day of September, 2007.

_____/s/_____
Tejpal S. Chawla
ASSISTANT UNITED STATES ATTORNEY